Commonwealth *v.* Martin, Appellant.

Argued April 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Faust Mattioni,* for appellant.

*Arthur R. Makadon,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

On September 16, 1968, appellant was convicted by a jury of second degree murder. Post-trial motions were filed and denied, and appellant was sentenced to serve a term of five to twenty years. This appeal followed and we affirm.

The evidence produced at trial indicates that on the morning of January 20, 1968, appellant entered a

tavern in Philadelphia where decedent was tending bar. An argument developed between appellant and the decedent, during which the decedent came around from behind the bar, threw several punches at appellant, and then retrieved a club from behind the bar and swung it several times at appellant. Appellant then left the bar; he returned twenty or thirty minutes later and shot decedent in the chest. The testimony also indicated that appellant had been drinking.

Appellant asserts three grounds for a new trial: (1) the refusal of the trial court to allow a witness to testify on behalf of appellant because that witness had not followed a sequestration order; (2) the trial court's charge which allegedly overemphasized the question whether appellant was guilty of first or second degree murder, thereby effectively precluding a verdict of voluntary manslaughter; and (3) the trial court's asserted error in not charging that intoxication should be considered by the jury in determining whether appellant acted in the heat of passion. None of these grounds, however, entitle appellant to any relief.

As for appellant's first argument, appellant does not dispute the trial court's power to sequester the witnesses. See, e.g., *Commonwealth v. Turner*, 371 Pa. 417, 429, 88 A. 2d 915, 921 (1952). Appellant urges, however, that the trial court abused its discretion when it refused to allow an unsequestered witness to testify, even though that witness had not intentionally disobeyed the sequestration order. The prospective witness, appellant's mother, was offered merely to testify to the frequency of appellant's drinking and to describe what he generally did under the influence of alcohol. The remoteness of such testimony, as the trial court pointed out in its opinion, makes the value and relevancy of such testimony doubtful. While a trial court may at times be permitted to allow a witness who has violated

a sequestration order to testify with a proper cautionary instruction, see *Commonwealth v. Ross,* 190 Pa. Superior Ct. 145, 152-53, 152 A. 2d 778, 781 (1959), cf. *Commonwealth v. Turner,* 389 Pa. 239, 264, 133 A. 2d 187, 198-99 (1957), we cannot say that the trial court's refusal to do so, in the circumstances of the instant case, constituted an abuse of discretion. Cf. *United States v. Marson,* 408 F. 2d 644, 650 (4th Cir. 1968).

Appellant's second argument, that the charge effectively precluded a verdict of voluntary manslaughter, is likewise without merit. Viewing the charge in its entirety as we must, see, e.g., *Commonwealth v. Lopinson,* 427 Pa. 284, 310, 234 A. 2d 552, 567 (1967), vacated on other grounds, 392 U.S. 647, 88 S. Ct. 2277 (1968), we cannot say that the trial court failed to clearly instruct the jury as to all possible verdicts. For example, the trial court explained clearly the requisites for voluntary manslaughter immediately following the explanation of the difference between first and second degree murder. Later in the charge the trial court again stated on what basis the jury could find appellant guilty of voluntary manslaughter: "If you find he was angry and provoked because of the attack made upon him by the bartender, and you find at least he was slapped, and the testimony is not contradicted that he was slapped in the face, if you find he was attacked by this bartender and it so aroused his anger that in the heat of passion he went home a block or so, got a shotgun, came back and shot the deceased, then you may find him guilty of voluntary manslaughter." We can find no error in the charge on this point, when read in the context of the entire charge.

Appellant's final contention is that the trial court failed to properly instruct the jury concerning the effect of intoxication on their finding of passion. We

154

need not reach the merits of this claim, however, for appellant failed to except to this portion of the charge and hence cannot now raise the issue. See, e.g., *Commonwealth v. Myers,* 439 Pa. 381, 266 A. 2d 756 (1970) ; *Commonwealth v. Holden,* 390 Pa. 221, 227, 134 A. 2d 868, 871 (1957).

The judgment of sentence of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia is affirmed.