416 A.2d 491

**COMMONWEALTH of Pennsylvania**

v.

**William Lloyd WEBSTER, Jr., a/k/a William Webster Bey, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 7, 1980.

Decided July 3, 1980.

John H. Corbett, Jr., Chief, App. Division, David Metinko, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Charles W. Johns, Kathryn L. Simpson, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, William Lloyd Webster, Jr., a/k/a William Webster Bey, was convicted of murder of the third degree for the shooting death of Wendell Byrd. Post-verdict motions were denied and appellant was sentenced to a prison term of not less than nine nor more than eighteen years. This direct appeal followed.

The facts are as follows. On November 2, 1978, the victim drove past appellant and shouted that he wished to speak to him. Appellant's companion at the time testified at trial that the victim did not sound angry; rather she characterized his manner as friendly. The victim parked his automobile and appellant escorted him out of the vehicle. The two men proceeded to a nearby alley (one eyewitness testified that appellant pulled the victim along by the arm) where an argument ensued. Testimony at trial indicated that the victim appeared to be pleading as appellant pointed a gun at the victim's face. One shot was fired; the victim slumped to the ground and appellant fled the scene.

Appellant, now represented by counsel other than his trial counsel, first claims that trial counsel was ineffective for failing to properly preserve the most meritorious issue in his case—that he acted in self-defense. Appellant took the stand in his own defense at trial, testifying that Wendell Byrd pointed a gun at him, and in the ensuing struggle the gun discharged. Trial counsel submitted points for charge, the second of which simply stated "self-defense." The trial judge denied the request and appellant's prior counsel never took exception to the charge or the denial of the point for charge. The issue was not raised in appellant's post-verdict motions.

■ Issues not raised in post-verdict motions will not be considered on appeal. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). An exception exists, however, when ineffective assistance of prior counsel is raised. In such a case, ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents appellant. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). This is the first stage of the proceedings at which trial counsel is no longer representing appellant; allegations of his ineffectiveness are properly raised in this direct appeal. Thus, our analysis of the abandoned claim is undertaken solely for the purpose of resolving the claim of ineffective representation.

■ The statutory definition of self-defense is set forth in the Act of December 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973, 18 Pa.C.S.A. § 505(a):

> "The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such person on the present occasion."

Section 505(b) establishes the limitations on the justifiable use of force in self-protection. As provided by statute and as interpreted through case law, the following conditions must be satisfied before one may successfully invoke a claim of self-defense:

1. The slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing;

2. The slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to kill in order to save himself therefrom;

3. The slayer must not have violated any duty to retreat or avoid the danger. *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977).

There is no burden on the defendant to prove a claim of self-defense. However, before such a defense is properly in issue at trial, there must be some evidence to justify such a finding. Our review of the record in the instant matter convinces us that the requisite elements of self-defense have not been presented. Specifically, the evidence fails to establish that appellant was free from fault in provoking or continuing the difficulty which resulted in the shooting. One eyewitness testified that appellant escorted the victim out of his automobile. Another claimed that appellant pulled the victim down the street by tugging on his arm. This testimony does not suggest appellant was free from fault in provoking the altercation; rather, it tends to establish appellant as the aggressor.

The Commonwealth's witnesses testified that appellant pointed the gun at the victim. Only appellant claimed the victim pointed the gun at him. He testified that as he struggled to wrestle the pistol free, it discharged. At best appellant's explanation suggests that the killing may have been accidental. However, it also destroys the second element of self-defense; that appellant reasonably believed that he was in imminent danger of death or great bodily harm. When appellant was specifically asked upon cross-examination if he had been acting in self-defense, appellant conceded that he had not. At no time was there any testimony that appellant intentionally fired the gun in an attempt to defend himself.

The jury was presented with the possible explanation of accidental death; the judge's charge adequately explained that a finding of not guilty of any degree of homicide was required if the jury chose to believe appellant's story.

Clearly, appellant's trial counsel realized that an assertion of self-defense was not supported by, nor compatible with the testimony. It would have been an empty gesture for defense counsel to object to the court's charge.[1] Since the

1. Cf. Commonwealth v. Butler, 340 Pa. 162, 16 A.2d 7 (1940). (In the absence of a request for a charge on self-defense, and where the defendant claimed the killing was accidental, the court properly

claim that was foregone was not of arguable merit, it is not necessary to inquire into the basis for trial counsel's decision not to pursue the matter. *Commonwealth v. Weathers El*, 485 Pa. 28, 400 A.2d 1295 (1979). An attempt to preserve an assertion of self-defense was properly foregone and prior counsel was not ineffective for his failure to do so.

■ Appellant's second contention is that the evidence at trial was insufficient as a matter of law to support a conviction of murder of the third degree. As we have repeatedly stated the test in determining if the evidence is sufficient to sustain a criminal conviction is, whether accepting as true all of the evidence, together with all reasonable inferences therefrom upon which the jury could properly have based its verdict, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Rose*, 483 Pa. 382, 396 A.2d 1221 (1979).

Appellant alleges that the testimony proffered by the two eyewitnesses to the shooting could not have been true and further, that the descriptions of the altercation were contradictory to each other. Counsel for appellant seeks to discredit the witnesses' testimony because one witness claimed to be thirty to forty yards away from appellant and the deceased, and the other estimated that the distance equaled fifteen to twenty feet. There is nothing in the record that compels the conclusion that the two witnesses were standing next to each other as they observed the shooting; the record also discloses that the witnesses' designations of the distances were mere estimations.

The critical fact is that both witnesses saw appellant point the gun at the victim's face. The resolution of conflicts in the testimony presented at trial and the determination of the credibility of the witnesses is solely within the province of the jury. *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d

omitted to charge on self-defense). The presence of the request herein does not compel a contrary conclusion in light of appellant's testimony and that of the eyewitnesses to the killing.

417 (1978). A jury is free to believe all or none of the testimony presented at trial, *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979), and discrepancies in testimony are for the jury to resolve, *Commonwealth v. Martin*, 481 Pa. 515, 393 A.2d 23 (1978).

Appellant also claims that no one could identify him as the perpetrator of the crime. Our review of the record indicates that this claim is also without merit. One witness saw appellant approach the victim and walk with him into the alley where the shooting occurred. An eyewitness testified to the physical similarity between appellant and the man he saw shoot the victim. Another witness, appellant's companion on the day in question, who also knew the deceased, identified appellant as the man who escorted the victim out of his automobile and walked with him in the direction of the alley. It is also significant that when appellant took the stand he did not deny involvement in the episode; rather, by describing the shooting as accidental, appellant conceded his presence at the scene.

Furthermore, the evening after the shooting, appellant, accompanied by his father, sought medical attention at the Highland Drive Veteran's Hospital. Appellant admitted shooting a man that afternoon; appellant's father left the murder weapon with the attending nurse.

■ It is well-established that the Commonwealth may sustain its burden by proving any element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979). Further, evidence of identification need not be positive and certain in order to convict, although indefiniteness and uncertainty go to its weight. *Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973). We are satisfied that the Commonwealth sustained its burden of proof in this case.

Judgment of sentence affirmed.