436 A.2d 161

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Delgardo SCOTT, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 5, 1981.

Decided Oct. 29, 1981.

John H. Corbett, Jr., Paulette J. Balogh, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kathryn L. Simpson, Dara A. DeCourcy, Asst. Dist. Attys., Pittsburgh, for appellee.

Before O'BRIEN, C. J. and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

KAUFFMAN, Justice.

The sole issue presented by this appeal is whether a trial court may exclude the relevant testimony of a defense witness in a criminal trial solely because of that witness' apparently inadvertent violation of a sequestration order. Because less extreme remedies were available, we conclude that total exclusion of the defense witness' testimony deprived appellant of fundamental constitutional rights and was a clear abuse of discretion. Accordingly, we vacate the judgment of sentence and remand for a new trial.[1]

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa. C.S.A. § 722.

Appellant, Delgardo Scott, was charged with criminal homicide and a weapons offense in connection with the shooting death of Stanley Rudolph ("Rudolph") on the evening of February 13, 1979, outside a bar in the Northside area of Pittsburgh. At a jury trial in the Allegheny County Court of Common Pleas, appellant testified that he had acted in self-defense, claiming that Rudolph had threatened him with a knife.[2] Eyewitness testimony concerning the incident was conflicting.

During the course of his testimony, appellant claimed that he did not own the gun with which Rudolph had been shot, but had found it on a bus returning to Pittsburgh from Johnstown on the day of the shooting. When the prosecution contested appellant's testimony as to how he acquired the gun, he offered as corroboration the testimony of John Kirsch ("Kirsch"), who allegedly had accompanied him on the bus trip. As appellant's counsel attempted to call Kirsch to the witness stand, however, the prosecutor objected, arguing that Kirsch, in violation of a sequestration order, had been in the courtroom during appellant's testimony. Although appellant's counsel admitted at side bar that he had seen Kirsch in the courtroom during the direct examination of appellant, he stated that he had immediately ordered Kirsch outside.[3]

The prosecutor insisted, however, that Kirsch's anticipated corroborative testimony may have been affected by his presence in the courtroom during appellant's testimony. The trial court agreed and, without further hearing, refused to permit Kirsch to testify. The jury subsequently found appellant guilty of third degree murder and the weapons offense, for which he received sentences of 7½ to 15 years and 2½ to 5 years, to be served concurrently. Post-verdict motions were denied, and this appeal followed.

2. A closed knife was found at the scene next to Rudolph's body.

3. There is *no* evidence that either appellant or his counsel conspired with Kirsch to violate the sequestration order or that Kirsch even knew of the order.

Citing the criteria articulated in *Commonwealth v. Smith*, 464 Pa. 314, 346 A.2d 757 (1975), the Commonwealth argues that Kirsch's testimony was properly excluded at trial because it "was tainted by exposure to [appellant's] testimony" and "would have had no bearing on the ultimate issue of appellant's state of mind at the time of the incident." [4] Pennsylvania courts, however, have heretofore employed the *Smith* criteria only in evaluating instances in which trial courts have *admitted prosecutorial* evidence notwithstanding a *Commonwealth* witness' violation of a sequestration order.[5] Here, by contrast, the trial court, without making any independent determination of relevancy, *excluded* the testimony of a *defense* witness solely because that witness violated such an order.

Absent a showing of fault on the part of the party or counsel who called a witness, the overwhelming weight of authority is that a trial court should not deprive a criminal defendant of a witness' testimony solely because he violated a sequestration order. *Holder v. United States*, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1898); *United States v. Torbert*, 496 F.2d 154 (9th Cir. 1974), *cert. den., Torbert v. United States*, 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974); *United States v. Schaefer*, 299 F.2d 625 (7th Cir. 1962), *cert. den.*, 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962) (witness should be disqualified only when he has violated the

4. In *Smith* we stated:

 The selection of a remedy for the violation of a sequestration order is within the sound discretion of the trial court...In exercising its discretion, the trial court should consider [1] the seriousness of the violation, [2] its impact on the testimony of the witness, and [3] its probable impact on the outcome of the trial....

 *Commonwealth v. Smith*, 464 Pa. at 320–21, 346 A.2d at 760 (citations omitted).

5. *Smith* involved the violation of a sequestration order by one of the *Commonwealth's* eyewitnesses to a murder. Since the witness' testimony was more favorable to the accused than that given by the Commonwealth's other witnesses, and since the jury was apprised of the witness' violation, the Court refused to exclude the testimony. *See also Commonwealth v. Martin*, 479 Pa. 609, 388 A.2d 1361 (1978); *Commonwealth v. Barber*, 275 Pa.Super. 144, 418 A.2d 653 (1980); *Commonwealth v. Johnson*, 273 Pa.Super. 14, 416 A.2d 1065 (1979).

sequestration order with "the consent, connivance, procurement or knowledge of the [accused] or his counsel"); *Norris v. State,* 259 Ark. 755, 536 S.W.2d 298 (1976), *cert. den., Norris v. Arkansas,* 435 U.S. 970, 98 S.Ct. 1610, 56 L.Ed.2d 61 (1978); *State v. Slone,* 40 Ohio App.2d 523, 69 Ohio Ops.2d 453, 320 N.E.2d 720 (1974). To deny an accused the opportunity to present relevant and competent evidence in his defense would constitute a violation of his fundamental constitutional rights to compulsory process for obtaining witnesses in his favor and to a fair trial. U.S. Const. amend. VI and XIV; Pa. Const. art. 1, § 9; *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *Braswell v. Wainwright,* 463 F.2d 1148 (5th Cir. 1972).[6]

▆▆▆ Because of the availability of alternative sanctions to enforce a sequestration order and because of the fundamental constitutional basis for an accused's right to present relevant testimony in his favor, it ordinarily would be an abuse of discretion to disqualify a witness unless either the accused or his counsel has somehow cooperated in the violation of the order. *See United States v. Torbert, supra.* If the trial court concludes that the Commonwealth has been substantially prejudiced by the defense witness' violation, a mistrial may be declared. If the violation is less serious, the trial court may conclude that a cautionary instruction to the jury would be sufficient to prevent prejudice to the Commonwealth. *Cf. Commonwealth v. Turner,* 389 Pa. 239, 133 A.2d 187 (1957) (where a witness disobeys an order excluding witnesses from the courtroom during trial, his disobedience may be considered by the jury as bearing on his credibility). Only where a defense witness' testimony is clearly irrelevant

**6.** *See Commonwealth v. Walzack,* 468 Pa. 210, 360 A.2d 914 (1976), in which we observed:

> Once it is determined that the proffered evidence was both relevant and competent, due process requires its admission...It is inconsistent with fundamental principles of American jurisprudence to preclude an accused from offering relevant and competent evidence to dispute the charge against him.

468 Pa. at 223, 360 A.2d at 920–21. *See also Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975); *Norris v. State, supra; Brown v. State,* 272 Md. 450, 325 A.2d 557 (1974).

to a defendant's case, and is therefore excludable on the independent ground of irrelevancy, should a trial judge *completely* exclude that witness' testimony for an inadvertent violation of a sequestration order. *Cf. State v. Slone*, 40 Ohio App.2d 523, 69 Ohio Ops.2d 453, 320 N.E.2d 720 (1974); *People v. Johnson*, 47 Ill.App.3d 362, 6 Ill.Dec. 66, 362 N.E.2d 701 (1977) (since testimony of violating witness was material to defendant's case, its exclusion constituted reversible error).

Given the present state of the record, we cannot conclude that Kirsch's corroborative testimony would have been irrelevant to the issues raised at trial.[7] The time and manner in which appellant acquired the gun might be relevant to his denial of premeditation. Moreover, testimony corroborating that appellant found the gun on a bus just prior to the killing could be relevant to appellant's claim of self-defense.[8] This testimony could suggest that appellant did not intentionally arm himself in anticipation of his meeting with Rudolph on the evening of the shooting, and thus could bolster his assertion that he did not provoke the incident which resulted in Rudolph's death, a material element in his claim of self-defense. *Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491 (1980); *Commonwealth v. Gay*, 489 Pa. 17, 413 A.2d 675 (1980).[9]

■ Since we cannot conclude that Kirsch's corroborative testimony is excludable on the independent ground of irrelevancy, the only appropriate and fair remedy for his appar-

7. The trial court did not make an independent finding of irrelevancy in excluding Kirsch's testimony. No colloquy was held on this matter other than a brief interchange among counsel and the trial judge regarding Kirsch's presence in the courtroom. In the absence of a determination as to relevancy below, we would find the exclusion harmless only if the testimony improperly excluded were irrelevant *on its face*.

8. That the jury might still have found him guilty is beside the point; judgment of credibility is for the trier of fact.

9. Appellant sought to explain the fact that he was armed on the night of the fatal shooting by testifying that he proceeded directly from the bus terminal to the bar.

ently inadvertent violation of the sequestration order would have been for the trial court to grant a mistrial or to give a cautionary jury instruction. These lesser remedies were readily available and would have totally protected the Commonwealth from any resulting prejudice. Under the circumstances, the trial court's complete exclusion of Kirsch's testimony effectively deprived appellant of fundamental constitutional rights, and thus was clearly an abuse of discretion.

Accordingly, we vacate the judgment of sentence and remand for a new trial.[10]

NIX, J., concurred in the result.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice, concurring.

I agree with the majority that the defense witness' inadvertent violation of the trial court's sequestration order was not a basis for the exclusion of the witness' testimony, and that an appropriate instruction to the jury would have sufficed. I wish to point out, however, that because of the availability of such an instruction the majority's suggestion that a mistrial would have been a "less extreme" remedy is not necessary. In any event, a mistrial alone, without an appropriate instruction, would have no effect on the likelihood that on retrial the problem of the witness' exposure to trial testimony would remain.

Additionally, the majority's exploration only of whether the proposed defense testimony is irrelevant should not be viewed to pre-empt the possibility that the proffered testimony would be excludable on other traditional bases for the

10. *Commonwealth v. Martin,* 440 Pa. 150, 269 A.2d 722 (1970), is not inconsistent with the reasoning herein expressed. In *Martin,* the defendant in a murder trial attempted to proffer the testimony of a witness, who had violated a sequestration order, concerning the frequency of defendant's drinking and how he typically behaved under the influence of alcohol. In upholding the trial court's exercise of discretion to exclude the testimony, we noted that the evidence was so obviously remote that it could have been excluded on the independent ground of irrelevancy, entirely separate from the defense witness' violation of the sequestration order.

exclusion of evidence. Had the record revealed, for example, that the witness' testimony was inadmissible hearsay, the court's exclusion would not have been reversible error.

Because the inadvertent violation of the sequestration order could have been cured by a proper cautionary instruction to the jury, and no independent basis has been shown to support the exclusion of the proffered testimony, appellant must be granted a new trial.