J-S76024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELISSA M. BURNWORTH | |
| Appellant | No. 962 WDA 2014 |

Appeal from the Judgment of Sentence May 13, 2014
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-SA-0000009-2014

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J. **FILED FEBRUARY 11, 2015**

Appellant, Melissa M. Burnworth, appeals from the judgment of sentence entered May 13, 2014, in the Court of Common Pleas of Greene County. After careful review, we vacate the judgment of sentence and remand for further proceedings.

Burnworth was charged with summary harassment, 18 Pa.C.S.A. 2709(a)(1), following an altercation with her estranged husband during an exchange of custody of the couple's minor child in a grocery store parking lot. Following a hearing at the magisterial district court, Burnworth was found guilty. Thereafter, Burnworth appealed and a *de novo* hearing was conducted before the Greene County Court of Common Pleas. The trial court convicted Burnworth and fined her $200.00, plus costs. This appeal followed.

On appeal, Burnworth raises the following issue for our review:

I.    After it was learned [sic] that defense witnesses did not separate themselves from the courtroom, did the trial court abuse its discretion when it refused to allow sequestered witnesses to testify, without any inquiry as to the knowledge of the witnesses of the sequestration order, where there was no participation by the defendant or her counsel in the failure to separate, where the failure to separate was inadvertent, and where there was no showing of prejudice to the Commonwealth thereby depriving defendant of right to fair trial and due process under the Pennsylvania and the United States [Constitutions]?

II.   Was the Notice of Appeal timely filed and/or should the Notice of Appeal be deemed timely filed under the circumstances?

Appellant's Brief at 8.

Initially, we must address the timeliness of Burnworth's appeal, as this implicates our jurisdiction.  **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014).  A notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken.  **See** Pa.R.A.P. 903. "In a criminal case in which no post-sentence motion[1] has been filed, the date of imposition of sentence in open court shall be deemed to be the date of entry of the judgment of sentence."  Pa.R.A.P. 108(d)(2) (footnote added).  "Time limitations for taking appeals are strictly construed and

_____

[1] "There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 720(D).

cannot be extended as a matter of grace." ***Burks***, 102 A.2d at 500 (citation omitted). Nevertheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007).

Instantly, the trial court announced Burnworth's judgment of sentence in open court following the conclusion of the *de novo* hearing conducted. Thus, Burnworth had 30 days, or until June 11, 2014, in which to file her notice of appeal. She did not do so until 31 days later, on June 12, 2014, a Thursday. Ordinarily, this would render Burnworth's appeal untimely. Here, however, the record reveals that the trial court did not advise Burnworth of her appellate rights, or the time within which she must exercise those rights, as mandated by Pa.R.Crim.P. 704(C)(3)(a).[2]

This Court has previously held that the failure to advise an appellant of his or her appellate rights at the time of sentencing constitutes a breakdown of the processes of the court that excuses an untimely filed notice of appeal. ***See***, ***e.g.***, ***Commonwealth v. Hurst***, 532 A.2d 865, 867-868 (Pa. Super. 1987) (declining to quash untimely appeal where trial court failed to advise

---

[2] At the time of sentencing, "[t]he judge *shall* determine on the record that the defendant has been advised ...", *inter alia,* "of the right to file a post-sentence motion and to appeal, ... [and] of the time within which the defendant must exercise those rights." Pa.R.Crim.P. 704(C)(3)(a) (emphasis added).

appellant of appellate rights). Finding that a court breakdown occurred, we will reach the merits of the instant appeal.

Burnworth argues that the trial court improperly excluded the testimony of her mother, Donna Prevost, whom she claims was an eyewitness to the alleged harassment. Prior to trial, the parties agreed to a sequestration of witnesses. *See* N.T., Summary Appeal Trial, 5/12/14 at 3-4. At the conclusion of the Commonwealth's case, Burnworth attempted to call Donna Prevost, whom—unbeknownst to trial counsel— had been sitting in the courtroom throughout the trial. *See id*. at 28-29. Upon objection, the trial court precluded the witness's testimony. *See id*. at 29.

Regarding the preclusion of testimony based upon a violation of a sequestration order, we note:

> The selection of a remedy for the violation of a sequestration order is within the discretion of the trial court. ***Commonwealth v. Smith***, 464 Pa. 314, 346 A.2d 757 (1975). However, to deny a criminal defendant the opportunity to present relevant and competent evidence in his defense would constitute a violation of his fundamental constitutional rights to compulsory process for obtaining witnesses in his favor and to a fair trial. ***Commonwealth v. Scott***, 496 Pa. 78, 436 A.2d 161, 163 (1981) (citing U.S. Const. amend. VI and XIV; Pa. Const. art. 1, § 9; ***Washington v. Texas***, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)). More than a century ago, the United States Supreme Court held that a defense witness' violation of a sequestration order alone did not warrant exclusion of his testimony. ***Holder v. United States***, 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010 (1893). Absent a showing of fault on the part of the party or counsel who called a witness, an exclusion of a criminal defendant's witness' testimony solely because the witness violated a sequestration order is an abuse of discretion. ***Scott***, 436 A.2d at 163.

*Commonwealth v. Robertson*, 874 A.2d 1200, 1209-1210 (Pa. Super. 2005).

> If the trial court concludes that the Commonwealth has been substantially prejudiced by the defense witness' violation, a mistrial may be declared. If the violation is less serious, the trial court may conclude that a cautionary instruction to the jury would be sufficient to prevent prejudice to the Commonwealth. Only where a defense witness' testimony is clearly irrelevant to a defendant's case, and is therefore excludable on the independent ground of irrelevancy, should a trial judge completely exclude that witness' testimony for an inadvertent violation of a sequestration order.

*Scott*, 436 A.2d at 163 (internal citations omitted).

At trial, defense counsel professed that the failure to sequester the witness was inadvertent. *See* N.T., Summary Appeal Trial, 5/12/14 at 29 ("I had no idea she was there either. … I moved to sequester the witnesses, and I assumed that the witnesses left the room."). The Commonwealth did not dispute defense counsel's assertions, and the trial court seemingly credited the testimony at the time. *See id*. at 29-30 ("I'm certainly not accusing you of anything, but I'm not going to let her testify."). Further, there is no showing on the record that the Commonwealth was prejudice by defense counsel's inadvertence. As it appears from the present state of the record that the trial court's preclusion of the witness's testimony was based solely on the inadvertent violation of the sequestration order,[3] we are

---

[3] While we do not doubt that counsel's violation of the sequestration order was inadvertent, counsel should, in the future, ensure that the witnesses have complied with the trial court's sequestration directive.

constrained to find that decision to have been an abuse of discretion.[4] **See Robertson** ("Absent a showing of fault on the part of the party or counsel who called a witness, an exclusion of a criminal defendant's witness' testimony solely because the witness violated a sequestration order is an abuse of discretion.").

Accordingly, we vacate the judgment of sentence and remand for a new summary appeal trial.

Judgment of sentence vacated. Case remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/15

_____

[4] As there is no indication in the record as to the content of the witness's testimony, we can make no determination as to the relevance of the testimony.