J-A16012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANITA LOUISE SCHELLER | : | |
| | : | |
| Appellant | : | No. 837 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 10, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000836-2022

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　　　　**FILED: August 12, 2024**

Anita Scheller appeals from the judgment of sentence entered after a jury convicted her of theft by unlawful taking and receiving stolen property.[1] She challenges the trial court's exclusion of her offer to present testimony from one of the people whose property she took.  We affirm.

The evidence at trial established that Scheller had rented a furnished home from Linda and Rodney Allen beginning in 2020.  In January of 2021, Scheller moved out, taking the furnishings with her.  The Commonwealth called Linda Allen to testify; she denied giving Scheller permission to take the furnishings with her.  Linda Allen estimated the market value of the stolen property to be $2,000.00.  The Commonwealth also presented testimony from Trooper Anthony Sparico, who investigated the case.

---

[1] 18 Pa.C.S.A. §§ 3921, 3925.

Scheller cross-examined both Commonwealth witnesses about Rodney Allen's description of the property (including "flat screen TVs") and valuation ($11,000.00). Scheller testified on her own behalf that she understood the Allens to have given her permission to take the furnishings when she moved out. She admitted to taking or disposing of some items but denied taking others. Scheller also presented testimony from her sister, who helped her move into the rental home, and her friend, who helped her move out.

Scheller called Rodney Allen to testify. The Commonwealth asked for an offer of proof. The trial court heard the following at sidebar:

> [Defense counsel]: Your Honor, I would like to call Rodney Allen to the stand. He made a statement to the police. Based upon that statement he is subject to cross-examination. He also has [a 2014 conviction for receiving stolen property] on his record. . . . A felony in the third degree but I would like to cross examine him on that.
>
> [The prosecutor]: Well, I object to the relevance of that when he was..
>
> [The trial court]: We don't even have to get there, it's inadmissible. He has not testified in this matter so he's not capable of being impeached.

N.T., Trial, 6/6/23, at 33–34.

The jury found Scheller guilty of both counts, finding the value of the stolen property to be $200.00 to $2,000.00. The trial court sentenced Scheller to 6 to 12 months of imprisonment and to pay $2,000.00 in restitution.

Scheller timely appealed. Scheller and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Scheller presents one issue: whether the trial court abused its discretion by excluding testimony from Rodney Allen, "a material fact witness."

The trial court explained that it excluded Scheller's offer based on the purposes for which Scheller stated she intended to call Rodney Allen:

> First, [Scheller] alleged that Rodney Allen made a statement to the police for which he should be subject to cross-examination. Rule 611 of the Pennsylvania Rules of Evidence provides that, in a criminal case, cross-examination of a witness should be limited to the subject matter of the direct examination and matters affecting credibility. Cross-examination is generally limited to matters brought out on direct examination. The Commonwealth did not call Rodney Allen as a witness and did not put any statement of Rodney Allen into evidence, thus, he could not be subject to cross-examination [by Scheller].
>
> The second purpose for which [Scheller] proposed to call Rodney Allen was to "cross-examine him" on his prior crime of falsehood. A witness who is not the defendant may be impeached by introducing the witness's convictions for felonies or misdemeanors in the nature of crimen falsi. Impeachment is directed to the credibility of the witness to discredit him. It ordinarily furnishes no factual evidence. A party seeking to introduce the witness's statement for impeachment purposes must establish that the witness in fact made the allegedly inconsistent statement. Thus, a summary of the witness's statement cannot be used to impeach the witness unless the witness has adopted the statement as his or her own. It would be unfair to allow a witness to be impeached on a police officer's interpretation of what was said rather than the witness's verbatim words. **McManamon v. Washko**, 906 A.3d 1259, 1268 (Pa. Super. 2006). Here, Rodney Allen was not called by the Commonwealth, nor was his statement to police admitted into evidence against [Scheller] at her trial.

Trial Court Opinion, 10/17/23, at 4–5 (formatting altered).

Scheller argues that the trial court missed the mark because she told the court, that Rodney Allen "made a statement to the police." Therefore, Scheller contends that she intended to call Rodney Allen as a fact witness

- 3 -

(specifically, his basis for valuing the stolen property). Scheller maintains that she was prejudiced because she was deprived of her opportunity to impeach Rodney Allen as her witness. *See* Pa.R.E. 607.

We review a trial court's decision to exclude testimony to determine whether the trial court abused its discretion. *Commonwealth v. Robertson*, 874 A.2d 1200, 1209 (Pa. Super. 2005). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Commonwealth v. Yockey*, 158 A.3d 1246, 1254 (Pa. Super. 2017) (citation omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Talley*, 236 A.3d 42, 55 (Pa. Super. 2020) (citation omitted).

A trial court may abuse its discretion by denying a defense request to call witnesses to refute testimony from a prosecution witness. *E.g.*, *Commonwealth v. Yocolano*, 169 A.3d 47, 55–56 (Pa. Super. 2017). However, this Court will not find an abuse of discretion where such evidence would be cumulative or only slightly probative of the issues at trial. *See* *Commonwealth v. Martin*, 269 A.2d 722, 723 (Pa. 1970) (holding the trial court did not abuse its discretion by excluding prospective witness testimony whose "value and relevancy" was "doubtful"); *Eldridge v. Melcher*, 313 A.2d 750, 756 (Pa. Super. 1973) (finding evidence would be cumulative where the

proponent had already offered "potentially devastating" impeachment evidence).

Here, Scheller has failed to persuade us that the trial court abused its discretion. She informed the trial court that she intended to cross-examine Rodney Allen on his police statement and impeach him based on his conviction for receiving stolen property. However, she did not suggest what affirmative facts she wanted to elicit from Rodney Allen. On appeal, Scheller provides no authority for calling a witness who did not testify only to contradict or impeach his pre-trial statement. Had the Commonwealth relied on Rodney Allen's valuation in its case-in-chief, or if Rodney Allen had stated the property was worth *less* than the amount of Linda Allen's testimony, the result may have been different. Here, however, Scheller has not shown prejudice, given her cross-examination of other witnesses as to Rodney Allen's statements and the Commonwealth's decision to rely instead on Linda Allen's valuation of the stolen property. We discern no abuse of discretion as this case was presented.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/12/2024