J-S42015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM LOVELACE, | |
| Appellant | No. 3117 EDA 2014 |

Appeal from the Judgment of Sentence October 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013109-2013

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED AUGUST 28, 2015**

Appellant, William Lovelace, appeals from the judgment of sentence entered on October 1, 2014, in the Court of Common Pleas of Philadelphia County. We affirm.

The trial court summarized the procedural history of this case as follows:

On August 6, 2014, following a non-jury trial, Appellant was found guilty of criminal trespass,[1] simple assault,[2] and recklessly endangering another person.[3] On October 1, 2014, Appellant was sentenced to an aggregate term of eleven and one-half to twenty-three months' incarceration followed by eight years' reporting probation. On October 29, 2014, Appellant filed an appeal in the Superior Court of Pennsylvania. On December 19, 2014, Appellant filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.[4]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503[(a)](1)(ii).

[2] 18 Pa.C.S. § 2701(a).

[3] 18 Pa.C.S. § 2705.

[4] The instant opinion is being issued by The Honorable Jeffrey P. Minehart, Supervising Judge of the Trial Division-Criminal Section of the First Judicial District of Pennsylvania, because the trial judge, the Honorable Earl W. Trent, Jr., retired at the end of 2014.

Trial Court Opinion, 2/23/15, at 1.

The trial court summarized the testimony from the nonjury trial as follows:

On October 3, 2013, the [C]omplainant resided in an apartment at 5020 Grissom Street, in Philadelphia. At approximately 10:00 p.m., the [C]omplainant permitted entry to an acquaintance of his named Cory. After Cory entered the apartment, the [C]omplainant observed the Appellant jump up the steps, hit or otherwise open the lock, and kick open the front door. Although the [C]omplainant knew the Appellant as a member of the building maintenance crew, he had not granted him permission to enter that evening.

After gaining entry, the Appellant exposed a large knife to the occupants of the apartment. The Appellant immediately began swinging the knife at the [C]omplainant who was positioned near the front door. The [C]omplainant stepped backward and eventually fell down thereby successfully avoiding the knife. Appellant, while maintaining possession of the blade, began inquiring about the [C]omplainant's familiarity with Cory. Specifically, Appellant pointed the knife at Cory and asked the [C]omplainant if he knew him. After the [C]omplainant responded affirmatively, Appellant appeared to become enraged. He struck a pillar with the knife, threw it into the ground and retrieved it. Police officers arrived within approximately four minutes and disarmed the Appellant and placed him under arrest.

Trial Court Opinion, 2/23/15, at 1-2 (internal citations omitted).

Appellant presents the following issues for our review:

> A. Was the evidence presented at trial sufficient to establish guilt beyond a reasonable doubt on any of the counts of which the Appellant was convicted?
>
> B. Did the trial court err by allowing Officer Korn to testify after violating the sequestration order that was in effect?

Appellant's Brief at 6 (full capitalization omitted).

In his first issue, Appellant argues that there was insufficient evidence at trial to sustain the convictions of criminal trespass, simple assault, and recklessly endangering another person ("REAP"). Appellant's Brief at 9. With regard to the conviction of criminal trespass, Appellant maintains that the evidence was insufficient to establish the element of "breaking in that is necessary for a criminal trespass, and the charge more appropriately should have been for simple trespass." *Id.* Appellant also argues that the evidence was insufficient to establish the claim of simple assault because the Complainant was never contacted by or suffered any direct bodily injury from Appellant, and Appellant "attempted no harm toward" the Complainant. *Id.* at 10. Finally, Appellant contends that the REAP conviction cannot be sustained because the evidence did not establish any "actual present ability to inflict harm." *Id.* Appellant asserts that the testimony established that the responding officer, Officer Korn, "observed the [A]ppellant swinging the knife with no one near the [A]ppellant during the incident." *Id.*

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Duncan***, 932 A.2d 226, 231 (Pa. Super. 2007). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Id***. (quoting ***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. ***Id***. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. ***Id***. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. ***Commonwealth v. Hartle***, 894 A.2d 800, 804 (Pa. Super. 2006).

Criminal trespass is defined at 18 Pa.C.S. § 3503(a)(1)(ii), which states in relevant part as follows:

> **§ 3503. Criminal trespass**
>
> **(a) Buildings and occupied structures.**--
>
>> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
>>
>> * * *

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

"Breaks into" is defined as follows: "To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." 18 Pa.C.S. § 3503(a)(3).

The crime of simple assault is defined at 18 Pa.C.S. § 2701, which provides, in pertinent part, as follows:

**§ 2701. Simple assault**

**(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

* * *

(3) attempts by physical menace to put another in fear of imminent serious bodily injury;

18 Pa.C.S. § 2701(a)(1), (3). Pursuant to 18 Pa.C.S. § 2701(a)(1), "[t]he Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances, which reasonably suggest that a defendant intended to cause injury." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012) (internal citations omitted). Pursuant to 18 Pa.C.S. § 2701(a)(3), "[t]he elements which must be proven are intentionally placing another in

fear of imminent serious bodily injury through the use of menacing or frightening activity. Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003) (internal citations omitted).

The crime of REAP is defined at 18 Pa.C.S. § 2705 as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." We have held that a person is guilty of this crime when it is shown that the person (1) possessed "a *mens rea* recklessness," (2) committed a wrongful deed or guilty act ("*actus reus*"), and (3) created by such wrongful deed the danger of death or serious bodily injury to another person. *Commonwealth v. Emler*, 903 A.2d 1273, 1278 (Pa. Super. 2006).

"Recklessly" is defined as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3). Furthermore, 18 Pa.C.S. § 2301 defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or

which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

We first note that although Appellant challenges the sufficiency of the evidence for all three convictions, in his Pa.R.A.P. 1925(b) statement, he failed to identify the elements of the convictions not established in the simple assault and REAP charges.[1] When challenging the sufficiency of evidence on appeal, an appellant's Pa.R.A.P. 1925 statement must "specify the element or elements [of a crime] upon which the evidence was insufficient" in order to preserve the issue for appeal. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). Thus, we find the claims of insufficiency of evidence for the convictions of simple assault and REAP waived.

Assuming *arguendo* that Appellant had not waived the claims for simple assault and REAP, we would find those claims lack merit along with Appellant's assertion that insufficient evidence existed to sustain his conviction of criminal trespass. The trial court provided the following analysis regarding Appellant's convictions of criminal trespass, simple assault, and REAP:

> [I]t is clear that [t]he Commonwealth presented sufficient evidence to find Appellant guilty of each charge beyond a

_____

[1] Appellant identified in his Pa.R.A.P. 1925(b) statement the specific element he claims was not established by sufficient evidence in the criminal trespass conviction. Pa.R.A.P. 1925(b) statement, 12/19/14, at 1.

reasonable doubt. Credible testimony by the [C]omplainant detailing the Appellant's act of kicking in his front door and entering the [C]omplainant's domicile without permission adequately satisfied the elements of criminal trespass. On the date of the incident at approximately 10:00 p.m., the [C]omplainant permitted entry to an acquaintance named Cory. After Cory entered the apartment, the [C]omplainant observed the Appellant jump up the steps, hit or otherwise open the lock, and kick open the front door. Although the [C]omplainant knew the Appellant as a member of the building maintenance crew, he had not granted him permission to enter that evening.

Appellant's subsequent act of brandishing a fifteen-inch knife and swinging it numerous times in close proximity to the [C]omplainant satisfied the elements of both simple assault and [REAP]. After effectuating an unsolicited, forceful entry, the Appellant exposed a large knife to the occupants of the apartment. Appellant immediately began swinging the knife at the [C]omplainant who was positioned near the front door. The [C]omplainant stepped backward and eventually fell down successfully eluding the knife.[2] Appellant, while maintaining possession of the blade, appeared to become enraged. The Appellant's act of wildly swinging a machete-sized blade at the [C]omplainant simultaneously created a fear and presented a danger of imminent serious bodily injury.

Trial Court Opinion, 2/23/15, at 4-5 (internal citations omitted).

The trial court's analysis is supported by evidence of record. As such, we conclude that sufficient evidence of record existed to sustain Appellant's convictions. Accordingly, Appellant's first issue lacks merit.

In his second claim, Appellant argues that the trial court erred by allowing Officer Korn to testify after Officer Korn violated the sequestration

_____

[2] Complainant testified that while Appellant was swinging the machete at him, the machete came within three inches of Complainant's person. N.T., 8/6/14, at 18.

order that was in effect.  Appellant's Brief at 13.  Appellant maintains that Officer Korn's testimony had a harmful impact on Appellant's case because it corroborated the Complainant's "otherwise incredible testimony."  *Id.*

Our standard of review for exclusion of testimony is as follows:

It is well established in this Commonwealth that the decision to admit or to exclude evidence lies within the sound discretion of the trial court.  Moreover, "our standard of review is very narrow; we may only reverse upon a showing that the trial court clearly abused its discretion or committed an error of law.  To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party."

*Commonwealth v. Robertson*, 874 A.2d 1200, 1209 (Pa. Super. 2005).

"The selection of a remedy for the violation of a sequestration order is within the discretion of the trial court."  *Id.* (*citing Commonwealth v. Smith*, 346 A.2d 757, 760 (Pa. 1975)).  Our Supreme Court has further advised:

In exercising its discretion, the trial court should consider the seriousness of the violation, its impact on the testimony of the witness, and its probable impact on the outcome of the trial.  We will disturb the trial court's exercise of its discretion only if there is no reasonable ground for the action taken.

*Smith*, 346 A.2d at 760.  "Additionally, we have stated the trial court should consider whether the witness intentionally disobeyed the order so that he might determine what the others will testify to, and whether the party calling the witness procured his disobedience."  *Commonwealth v. Floyd*, 393 A.2d 963, 966 (Pa. Super. 1978).  *See also Commonwealth v. Schwartz*, 615 A.2d 350, 357 (Pa. Super. 1992) (summarizing law governing violation of sequestration order).

In this case, the trial court issued a sequestration of witnesses order at the beginning of trial. N.T., 8/6/14, at 7. When the Commonwealth called Officer Korn to testify, the trial court became aware of Officer Korn's continued presence in the courtroom. *Id.* at 25. Upon this discovery, when questioned, Officer Korn answered that he had been in the courtroom for "[a]bout ten minutes." *Id.* at 25. The Commonwealth's attorney stated, "I have no idea how that occurred." *Id.* Defense counsel and the trial court agreed that Officer Korn's violation of the sequestration order was unintentional. *Id.* at 25-26. Thus, there was no allegation or evidence that the witness intentionally disobeyed the order or that the Commonwealth procured that disobedience. *Floyd*, 393 A.2d at 966.

Regarding the substance of Officer Korn's testimony, we cannot agree that his testimony negatively impacted the outcome of the trial. The trial court provided the following discussion on this issue:

> Although the officer's testimony corroborated a small portion of the [C]omplainant's testimony pertaining to Appellant's conduct at the time police arrived, his testimony did not impact the outcome because the [C]omplainant's testimony was sufficient by itself to sustain the verdict. Specifically, Appellant's initial trespass and violent aggression directed at the [C]omplainant occurred prior to the arrival of the police. Thus, to the extent that Officer Korn heard portions of the [C]omplainant's testimony, such exposure was harmless. . . .

Trial Court Opinion, 2/23/15, at 6.

We agree. Prior to Officer Korn's testimony, the Complainant testified to Appellant's violent actions directed at Complainant before police officers

- 10 -

arrived. N.T., 8/6/14, at 8-25. Officer Korn's testimony related to the scene he observed when he arrived at the Complainant's apartment. *Id.* at 27-28. Officer Korn testified that, when he arrived, Appellant had possession of the knife and "was swinging it about." *Id.* at 29. At that point, Officer Korn directed Appellant to drop the knife, and Appellant complied. *Id.* at 30. After dropping the knife, Officer Korn secured Appellant and the knife and began his investigation. *Id.*

The aggressive actions by Appellant against Complainant occurred prior to Officer Korn's arrival on the scene. Complainant provided the testimony regarding Appellant's aggressive actions giving rise to Appellant's three convictions. As mentioned, Officer Korn's testimony detailed his observations after Appellant's criminal conduct directed at Complainant. Thus, Officer Korn's testimony was not impacted by hearing the Complainant's testimony, as it was substantially different. In this case, because the sequestration-order violation was not serious, did not impact Officer Korn's testimony, and would not likely affect the verdict, the trial court reasonably decided to permit Officer Korn's testimony. Thus, we discern no basis upon which to disturb the trial court's decision. *Smith*, 346 A.2d at 760.

We also note that Appellant was tried by the court—not by a jury. Therefore, we may presume that the trial court, sitting as fact-finder, gave due weight to Officer Korn's testimony in light of the unintentional violation

of the sequestration order.  ***See Commonwealth v. Smith***, 97 A.3d 782, 788 (Pa. Super. 2014) ("[A] trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence.").  Accordingly, Appellant's second claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2015