421 A.2d 469

**COMMONWEALTH of Pennsylvania**

v.

**Gary RANDOLPH, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

---

5. Pa.R.Crim.P. 1410.

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

Appellant, Gary Randolph, was convicted by a jury on December 6, 1978, of robbery, simple assault, aggravated assault, crimes committed with firearms, possessing instru-

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

ments of crime–generally, criminal attempt and criminal conspiracy. Randolph filed motions for a new trial and in arrest of judgment. After a hearing, his motions were denied, and he was sentenced to concurrent terms of imprisonment of seven and one–half to fifteen years for robbery, five to ten years for criminal attempt, and five to ten years for criminal conspiracy. Sentence was suspended on the other offenses. This appeal followed.

The sole claim of error presented in this appeal is that the trial court erred in not granting a motion for a mistrial. This motion was entered by defense counsel at the close of the Commonwealth's evidence and was based on testimony given earlier by a police officer while testifying as a Commonwealth witness. The following is the testimony involved:

"Q. Were you involved in the investigation of this case?

A. Yes, I was.

Q. Were you involved in the arrest of Charles Bush?

A. Yes, I was, sir.

Q. How old is Mr. Bush?

A. Oh, sixteen years old, I think.

Q. Was he charged with these crimes?

A. Yes, he was, sir.

Q. What happened to his case?

A. He was, it was sent to juvenile court, and I don't know what the findings were there.

Q. Was a statement taken from him?

A. Yes, it was, sir.

Q. As a result of your investigation, were you involved in the arrest of the defendant, Gary Randolph?

A. Yes, I was, sir."

It is claimed this testimony unfairly prejudiced Randolph's trial because it indicated Bush gave a statement to the police implicating Randolph and in essence permitted it to appear

that Bush accused Randolph of committing these crimes without the opportunity of cross–examination by Randolph. (Bush did not testify at trial.)

However, an examination of the record discloses the issue has not been preserved for appellate review.

After the challenged testimony was given, defense counsel asked for a conference at side–bar during which he objected to the officer's testimony. The court offered to give cautionary instructions, but defense counsel made no response. The district attorney then offered to rephrase the last question to the police officer–witness which he proceeded to do. This questioning made it clear that Randolph was not arrested as a result of anything Bush said to the police. Following this, defense counsel stated of record that this clarification cured his objection. Essentially, the objection was withdrawn. Defense counsel did not move for a mistrial at that time; rather he waited until the Commonwealth had concluded its case.

Pa.R.Crim.P. 1118(b) specifically states that a motion for a mistrial shall be made when the event which is prejudicial to the defendant occurs. Here, the record reveals that, at the time the prejudicial event complained of occurred, defense counsel did not move for a mistrial. The motion was not made until one day later. Clearly, making the motion at that time was untimely, and, therefore, Randolph is precluded from raising the issue now.[1]

Judgment of sentence affirmed.

1. Randolph seeks to excuse his withdrawal of the objection and failure to move for a mistrial by claiming he could not have been aware of the prejudice which resulted until the Commonwealth closed its case because only then did he know Bush would not testify. The argument is meritless. Counsel's initial objection clearly reveals such was not the case, and, if the alleged inference could be drawn, it was clearly hearsay when the witness testified.