J-S26036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JESSE DOUGLAS MELNICK, | : | |
| | : | |
| Appellant | : | No.  2018 EDA 2015 |

Appeal from the Judgment of Sentence June 2, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division, at No(s): CP-46-CR-0006790-2014

BEFORE:   OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MAY 17, 2016**

Jesse Douglas Melnick (Appellant) appeals from the judgment of sentence imposed following his convictions for driving under the influence of a controlled substance (DUI) and the summary offense of disregarding a traffic lane.  Upon review, we affirm.

The trial court summarized the background underlying this matter as follows.

> On May 16, 2014 at approximately 5:38 p.m., Pennsylvania State Police Trooper Michael Perillo [(Trooper Perillo)] was dispatched to Interstate 76-West ("I-76W") due to reports of erratic driving.  Reportedly, Appellant drove his blue Volvo past other drivers, struck the center concrete barrier and continued driving.  Appellant's driving continued to pose a danger to other drivers as he nearly struck two vehicles and crossed rumble strips.  As Appellant proceeded onto State Route 422 West, he almost struck the guardrail while navigating the ramp.  Once on the roadway, Appellant drifted out of his lane and struck a white Dodge Caravan driven by Derek Beeks

_____
*Retired Senior Judge assigned to the Superior Court.

[(Beeks)]. At the time of the accident, … Beeks' four[-]year[-]old granddaughter was a passenger in the vehicle.

Trooper Perillo arrived at the scene of the accident, where he discovered that both vehicles were disabled. Trooper Perillo approached Appellant's vehicle and immediately noticed Appellant's bloodshot eyes, slurred speech and sluggish movement. Trooper Perillo also noticed that Appellant's pupils were constricted. An ambulance was called to the scene to provide medical attention. Out of concern for Appellant's safety, Trooper Perillo placed him in the back of his patrol car. An internal vehicle recording device recorded Appellant while he sat in the back of the patrol car.

Eventually, Appellant was evaluated by medical personnel who determined that Appellant did not suffer underlying medical effects from the crash; Appellant declined further medical treatment. Having concluded that Appellant's impairment was drug related, Trooper Perillo placed Appellant under arrest for [DUI]. Trooper Perillo requested that Appellant submit to a blood test and read him the **_O'Connell_** warnings.[1] Appellant signed the DL-26 form containing the penalties for refusing chemical testing and then refused to provide a blood sample.

_____
[1] The phrase "**_O'Connell_** warnings" means the officer must specifically inform a motorist that his driving privileges will be suspended for one year if he refuses chemical testing, and that the rights provided by the United States Supreme Court's decision in **_Miranda v. Arizona_**, 384 U.S. 436 (1966), do not apply to chemical testing.

On July 2, 2014, Appellant was charged with [the above offenses].

On April 27, 2015, th[e trial] court held a suppression hearing and decided motions _in limine_. Th[e trial] court denied Appellant's suppression motion and decided the motions _in limine_ as follows:

> 1. The Commonwealth's four civilian witnesses were not allowed to render an opinion on whether Appellant was DUI.

2. Trooper Perillo was not allowed to testify as an expert, but was permitted to offer a lay opinion as to whether he believed Appellant was DUI.

3. The defense was not allowed to use … Be[e]ks' thirty[-]year[-]old conviction for the purposes of impeachment.

After the initial hearing, a two[-]day jury trial began on April 27, 2015. During *voir dire*, th[e trial] court introduced Appellant's trial counsel, John Kravitz ("trial counsel"), to the jury panel and stated that he worked for the public defender's office. Trial counsel moved for a mistrial based on this identification, which th[e trial] court denied. Later that day, the trial commenced.

On April 28, 2015, the jury found Appellant guilty of [DUI]. After the jury rendered its verdict, th[e trial] court found Appellant guilty of the summary offense and modified his bail to include a condition that he was not to drive.

On June 2, 2015, th[e trial] court sentenced Appellant to undergo incarceration of no less than 15 months and no more than 60 months. Appellant contested the amount of restitution requested by the Commonwealth and th[e trial] court ordered a restitution hearing for July 9, 2015.

On July 2, 2015, Appellant filed [his] notice of appeal. Due to the timing of the notice of appeal, th[e trial] court was divested of jurisdiction and unable to order restitution. Th[e trial] court ordered Appellant to file and serve a concise statement [of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)] within 21 days of July 7, 2015. On July 16, 2015, th[e trial] court granted Appellant's request for an extension of time to file his concise statement.

On August 11, 2015, a concise statement was filed in the clerk of courts and served upon the Commonwealth. On August 24, 2015, th[e trial] court informed appellate counsel that it would entertain an amended concise statement. Appellant's amended concise statement was filed on August 27, 2015 and again was served only on the Commonwealth.

Trial Court Opinion (TCO), 9/16/2015, at 1-3 (unnecessary capitalization and some citations omitted).

As a preliminary matter, the trial court and the Commonwealth note that, although Appellant timely filed his Rule 1925(b) statement, he failed to serve it on the trial court. *See* Pa.R.A.P. 1925(b)(1) ("Appellant shall file of record the Statement and concurrently shall serve the judge."). Moreover, the trial court takes the position that, even if Appellant's failure to serve the court with his statement is not fatal, the statement does not provide the court "with meaningful direction to distinguish important issues," as it "contains nine numbered issues that are generally vague, not preserved for appeal, or are based on misrepresentations of the facts." TCO, 9/16/2015, at 6. Based on the foregoing, the trial court and Commonwealth argue that Appellant's issues should be found waived on appeal.

Upon review, it is clear that the trial court received Appellant's Rule 1925(b) statement despite his failure to serve it upon the court, as the court proceeded to address the individual issues raised therein in its opinion issued pursuant to Pa.R.A.P. 1925(a). Given that the court received Appellant's Rule 1925(b) statement and addressed the issues raised therein on an individual basis, we decline to find a wholesale waiver of Appellant's claims.

We first consider Appellant's claims related to instances in which the trial court denied his request for a mistrial. In so doing, we note the following standards which govern our review of such claims:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, … assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.
>
> The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal.

*Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa. Super. 2009) (internal quotation marks and citation omitted).

Appellant first argues that the trial court erred in denying his motion for a mistrial or new jury panel on the basis that, during *voir dire*, the trial court noted that Appellant's trial counsel was a public defender. Appellant

essentially claims that this reference prejudiced the jury against him because of the generally negative perceptions and stereotypes the public at large associates with public defenders.

In ***Commonwealth v. Palm***, 903 A.2d 1244 (Pa. Super. 2006), this Court addressed the issue of "whether the trial court erred in refusing to dismiss the jury panel upon objection when defense counsel was identified as a public defender" by a prospective juror during *voir dire*. **Id.** at 1245-46. Upon this disclosure, the public defender requested a mistrial on the basis that the disclosure prejudiced the appellant, and "[t]he trial judge noted this exception but refused to vacate the jury pool." **Id.** at 1245. The prospective juror "was eventually dismissed [and the public defender] did not investigate whether any of the other prospective jurors would be tainted by the juror's reference[,] nor did the trial judge issue any type of instruction to the other jurors." **Id.** at 1245-46.

In rejecting Palm's claim, this Court held that "any reference to counsel as the public defender is insignificant and does not violate equal protection." **Id.** at 1247. This Court explained that, "[f]urthermore, nothing in the record indicates that the jury panel was tainted. Counsel's request for a new jury panel was denied but he was permitted to ask the prospective jurors if they would still be impartial after learning the defense attorney was a public defender. Counsel failed to do so." **Id**.

Given **Palm**'s holding, we likewise conclude that the trial court's reference to Appellant's trial counsel as a public defender was "insignificant." **See id.** In so doing, we note that in denying counsel's motion, the trial court indicated that it would ask the jurors "if knowing or having heard [its] reference to the defendant's financial status, if they feel they can still be fair and impartial jurors." N.T., 4/27/2015, at 6. Appellant's trial counsel responded, "I would request the [c]ourt not belabor it. If the [c]ourt has turned down my motion for a new panel or mistrial at this point, I would request no discussion or any further discussion of it be had." **Id.** at 6-7. Thus, Appellant is not entitled to relief on this claim.[1]

We next address Appellant's argument that the trial court erred in denying his motion for a mistrial based upon a violation of the sequestration order that was put in place at the beginning of trial. Appellant's issue relates to the following testimony provided by Commonwealth witness Adam Joshua Slavin (Slavin) on cross-examination:

> [Appellant's Trial Counsel]: Now, before you testified today is it correct that you were sitting in a room across the hall?
>
> [Slavin]: Yes.

---

[1] Appellant's attempt to distinguish this case from **Palm** by noting that **Palm** was decided in the context of a situation wherein counsel was seeking to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), is unavailing.

[Appellant's Trial Counsel]: And all the other witnesses were in the same room, correct?

[Slavin]: Sure were.

[Appellant's Trial Counsel]: Did you chat about the case while you were waiting?

[Slavin]: There was a time when, you know, one of the witnesses had mentioned something, and so yes.

N.T., 4/27/2015, at 44.

Trial counsel did not object at this point, but rather proceeded to cross-examine Slavin about matters relating to Appellant's driving on the day in question. *Id.* at 44-45. Thereafter, Slavin was excused, Beeks was called as a witness, and, following his testimony, the jury was adjourned for the day. *Id.* at 45-56. Indeed, Appellant's counsel did not make his motion for a mistrial based upon a purported sequestration order violation until the following morning. N.T., 4/28/2015, at 3. Pennsylvania Rule of Criminal Procedure 605, relating to mistrials, specifically states that "the motion shall be made when the [allegedly prejudicial] event is disclosed." Appellant's motion therefore was made untimely. *See Commonwealth v. Randolph*, 421 A.2d 469, 471 (Pa. Super. 1980) (concluding that a motion for mistrial was made untimely when defense counsel did not move for a mistrial at the

time the prejudicial event complained of occurred, but instead made it one day later). Thus, Appellant has waived his claim for appellate review.[2]

We now turn to Appellant's next issue, which we set forth *verbatim* as presented in his statement of questions:

> The trial court erred in denying the motion for mistrial after a motion in limine was granted that the witnesses should give no opinion as to whether Appellant was impaired and yet the prosecution elicited such testimony. The trial court erred in allowing the conclusory opinion testimony as to impaired driving rather than restricting the testimony to observational details. The trial court erred in allowing the trooper to claim Appellant was impaired based on his pupils allegedly being constricted. The trooper admittedly was not an expert on such matters. The prosecution utilized the constricted pupil/impairment argument in his closing to suggest that Appellant had used controlled substances rather than merely drowsy from lack of sleep.

Appellant's Brief at 9 (unnecessary capitalization omitted).

The trial court concluded that it was unable to address Appellant's issue and that it was waived "due to a lack of cohesion and clarity." TCO, 9/16/2015, at 9-10; *see Commonwealth v. Ray*, __ A.3d __, 2016 WL 638845, at *3 (Pa. Super. filed February 17, 2016) ("[T]he Pa.R.A.P. 1925(b) statement must be sufficiently 'concise' and 'coherent' such that the

---

[2] Appellant attempts to avoid waiver based upon *Commonwealth v. Smith*, 346 A.2d 757 (Pa. 1975), wherein the Pennsylvania Supreme Court held that "where … the violation of a sequestration order is revealed at the beginning of cross-examination, there is no waiver in counsel's making motions based on the violation at the end of his cross-examination of the witness." *Id.* at 760; *id.* at 759 n.4 ("A motion for a mistrial made at the close of cross-examination, under the facts as given here, is timely …."). As demonstrated above, Appellant waited to make his motion until the following morning and after one additional witness had testified.

trial court judge may be able to identify the issues to be raised on appeal….").  We disagree that the claims of error lack sufficient clarity, but nonetheless conclude that Appellant has waived them.

"The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119."  *Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015).  Appellant utterly fails to develop any meaningful legal argument and, aside from one citation to a case relating to whether Appellant preserved his issue at trial, does not cite any authority in support of his claims.  Accordingly, we hold that Appellant's issue is waived.  *See Freeman*, 128 A.3d at 1249 (explaining that the appellant "ha[d] made no effort whatsoever to discuss the applicable law or link the facts of his case to that law" and concluding that "[h]is failure to develop a coherent legal argument in support his claim results in waiver of []his issue"); *Commonwealth v. Hakala*, 900 A.2d 404, 407 (Pa. Super. 2006) (finding waiver where the appellant "fail[ed] to offer either analysis or case citation in support of the relief he seeks" and admonishing that "[i]t is not this Court's function or duty to become an advocate for the appellant[]").

We next address Appellant's argument that the trial court erred in granting the Commonwealth's motion to exclude Beeks's 1984 conviction for retail theft.

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. A trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. If the evidentiary question is purely one of law, our review is plenary.

***Commonwealth v. Belani***, 101 A.3d 1156, 1160 (Pa. Super. 2014) (internal quotation marks and citations omitted).

Pennsylvania Rule of Evidence 609 provides, in pertinent part, that evidence of a witness's prior conviction older than ten years is admissible only if "(1) its probative value substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Pa.R.E. 609(b).

It is undisputed that Beeks's retail theft conviction constitutes *crimen falsi*, ***Commonwealth v. Howard***, 823 A.2d 911, 913 n.2 (Pa. Super. 2003), and that Beeks's conviction is more than ten years old for purposes of Rule 609. Appellant challenges the court's conclusion with respect to weighing the conviction's probative value against its prejudicial effect.

In its Rule 1925(a) opinion, the trial court explained as follows.

> Based on the minor nature of the crime and the fact that … Beeks had no further convictions, th[e] court believed the probative value of the conviction was negligible. Introduction of the thirty[-]year[-]old conviction would detrimentally distract from the facts of the case, resulting in a prejudicial effect.

Accordingly, th[e] court found that the probative value did not substantially outweigh the prejudicial effect and precluded its introduction.

TCO, 9/16/2015, at 8. Upon review, we conclude that the trial court did not abuse its discretion in reaching its conclusion. Thus, Appellant is not entitled to relief on this claim.

In his last issue, Appellant argues that the prosecutor engaged in two instances of prosecutorial misconduct during his closing argument.

Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one.

[A] prosecutor's arguments to the jury are [generally] not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict.

A prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present [his] arguments with logical force and vigor. The prosecutor is also permitted to respond to defense arguments. Finally, in order to evaluate whether the comments were improper, we do not look at the comments in a vacuum; rather we must look at them in the context in which they were made.

***Commonwealth v. Solomon***, 25 A.3d 380, 383 (Pa. Super. 2011) (internal quotation marks and citations omitted).

First, Appellant contends that the prosecutor improperly argued Appellant was suffering from narcolepsy, rather than insomnia as alleged, to prove that Appellant was lying about not ingesting any intoxicating substances. Appellant's Brief at 45; *see also* N.T., 4/28/2015, at 66. Appellant argues that the prosecutor could not suggest Appellant was lying on the basis that he was actually suffering from narcolepsy without putting on evidence as to the difference between the two conditions. Appellant's Brief at 45. Appellant also takes issue with statements made by the prosecutor with regard to his personal observations of Appellant at trial, contending, in essence, that the prosecutor improperly asked the jurors to credit those observations. Appellant's Brief at 46, 52; *see also* N.T., 4/28/2015, at 70.

In rejecting Appellant's claims, the trial court explained that, *inter alia*, "any prejudice created by the prosecution's closing argument[] was mitigated by th[e trial c]ourt's cautionary instruction and the error is harmless." *Id.* at 12. That instruction provided, in relevant part, as follows:

> You should bear in mind in your deliberations that the argument of counsel are an important and essential ingredient in our legal system. You should carefully consider and evaluate the opposing contentions that were presented to you by counsel. However, neither the opening statements nor closing arguments of counsel constitute the law that you will apply in this case, nor are they part of the evidence. You should not consider them as such.

In deciding your case, you should carefully consider the evidence in light of the various reasons and arguments that each lawyer presented. It is the right and duty of each lawyer to discuss the evidence in a manner that is most favorable to the side that they represent. You should be guided by each lawyer's argument to the extent that they are supported by the evidence and insofar as they aid you in applying your own reason and common sense. However, you are not required to accept the arguments of the lawyer. It is for you and you alone to decide the case based on the evidence as it was presented from the witness stand and in accordance with the instructions that I am now giving you.

The personal beliefs of counsel, if expressed, with regard to the evidence, its weight or effect [are] of no moment, because it's your unique function in this trial as the sworn jury to collectively find the true facts from the evidence presented. If counsel in their closing argument say something is a fact that you don't recall as a fact, you should ignore what they said to be a fact, because it is your collective recollection that controls with regard to the facts of this case. You are the sole and exclusive triers of fact.

Now, as the sole judges of facts, you are sole judges of the credibility of the witnesses and their testimony....

N.T., 4/28/2015, at 74-76.

Assuming *arguendo* that there was any misconduct as alleged, we agree with the trial court that any prejudice suffered by Appellant was mitigated by the court's instructions to the jury. *See Commonwealth v. Passarelli*, 789 A.2d 708, 713 (Pa. Super. 2001) ("Furthermore, our law presumes that juries follow the trial court's instructions as to the applicable law. Thus, any prejudicial effect from the prosecutor's statement was cured by the trial court's general cautionary instruction to the jury.") (citation omitted). Because we discern no abuse of discretion, Appellant's claim fails.

Based on the foregoing, Appellant is not entitled to relief. Accordingly, we affirm the judgment of sentence.

Judgment of Sentence affirmed.

Judge Stabile joins.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 5/17/2016