J-A09041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     : PENNSYLVANIA
                                                     :
                         v.                          :
                                                     :
                                                     :
                                                     :
LORN RAY CHAMPLIN SR.                                :
                                                     :
                    Appellant                        : No. 942 WDA 2024

Appeal from the Judgment of Sentence Entered July 11, 2024
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000177-2023

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: June 18, 2025**

Lorn Ray Champlin, Sr. ("Champlin") appeals from the judgment of sentence imposed following his convictions for two counts of involuntary deviate sexual intercourse ("IDSI") with a child, two counts of aggravated indecent assault, one count of corruption of minors, and one count of unlawful contact with a minor.[1]  After review, we affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On February 27, 2023, a forensic interview was conducted by Melissa McLean, Director of the Warren County Children's Advocacy Center . . ..  During the interview, the victim, E.N., [("the victim")] age three . . . and four . . . years old at the time of the offenses, disclosed that while at [Champlin's] residence, [he] touched her vagina with his mouth and tongue on numerous occasions between February 14, 2022, and February 14, 2023.

---

[1] **See** 18 Pa.C.S.A. §§ 3123(b), 3125(a)(7), 6301(a)(1)(ii), 6318(a)(1).

On April 17, 2023, Trooper Jeffrey Dahl with the Pennsylvania State Police charged [Champlin] with three . . . counts of [IDSI] with a child, one . . . count of aggravated indecent assault, and one . . . count of corruption of minors. [Champlin] was taken into custody on April 19, 2023.

A preliminary hearing was held on June 14, 2023 . . .. At the time of the hearing, [the victim] further disclosed that [Champlin] used his penis to penetrate her vagina on multiple occasions. Thereafter, the Commonwealth added[, *inter alia*,] the following charges: . . . one . . . count of aggravated indecent assault, . . .and two . . . counts of unlawful contact with a minor.

On July 20, 2023, [Champlin] entered a plea of not guilty to all counts. Jury selection was held on February 13, 2024. Counsel for both parties had the opportunity to *voir dire* the pool extensively, including questioning the jury pool as to if they had any knowledge of [Champlin], this case, and [Champlin's] other cases. This court additionally advised the jury pool that it is necessary for a potential juror to disclose any of the above-described information. None of the selected jurors disclosed any knowledge of the same.

A jury trial was held on April 1, 2024. At the beginning of the trial, [Champlin's] counsel requested the ability to ask additional *voir dire* questions to the jury in light of an article that was published in the Warren Times-Observer on February 8, 2024 regarding another case in which [Champlin] had been charged with similar crimes. This court granted that request. [Champlin's] counsel asked the jury, "since jury selection, has anybody read anything in the paper, saw anything on the news, learned any additional information about this case or any other — you know, anything involving [Champlin]?" [Champlin's] counsel then stated "[f]or the record there's no response." During this court's jury instructions at the beginning of the trial, the jury was instructed again, much like the instructions given by this court during jury selection, that they were not to consider any information from an outside source, and not to access electronic devices during the trial or deliberations. This instruction was again made prior to the lunch break.

Following the Commonwealth's case, [Champlin's] counsel made an oral motion for judgment of acquittal. [Champlin's] motion was granted as to count [four] — rape of a child, count

[five] — rape of a child, count [nine] — corruption of minors, and count [twelve] — unlawful contact with a minor.

Following [Champlin's] case and closing arguments, this court again instructed the jury not to consider extraneous information. During jury deliberations, the jury foreman submitted questions on behalf of the jury to this court for clarification. The question at issue in this appeal is the jury's question of "[i]s this the second trial for this case? Was there a previous hung jury?"

Following this question posed by the jury, this court and counsel met in chambers on the record. At no time during the discussion in chambers did counsel for either party move for a mistrial. After a brief discussion on how to proceed, and with the parties in agreement, this court responded to the jury in writing that "[t]his question is not pertinent to your deliberations." The jury seemingly accepted this instruction and asked no further questions on this topic. At no time following this instruction did either party move for a mistrial or raise any further objection on this issue.

The jury returned a split verdict, and [Champlin] was found guilty of . . . the following offenses: two . . . counts of [IDSI] with a child, two . . . counts of aggravated indecent assault, one . . . count of corruption of minors, and one . . . count of unlawful contact with a minor. The jury found [Champlin] not guilty of count [three] — [IDSI]with a child and count [eight] — aggravated indecent assault.

Following the verdict, this court ordered the Sexual Offenders Assessment Board to assess [Champlin] to determine if [he] met the criteria for classification as a sexually violent predator [("SVP")] under Pennsylvania law.

On April 12, 2024, eleven . . . days after the jury trial, [Champlin] filed a motion for mistrial "due to the extreme likelihood that a juror brought information of the previous trial and hung jury into deliberations." In support, [Champlin] attached an article from the Warren Times-Observer that was published on February 8, 2024[,] pertaining to a hung jury in [Champlin's] trial in another case. Argument on [Champlin's] motion was held on June 7, 2024, wherein [Champlin's] motion for mistrial was denied.

[Champlin's SVP] assessment occurred on June 18, 2024, wherein it was determined that [Champlin] does not meet the criteria for classification as an [SVP]. [Champlin] was sentenced on July 11, 2024[,] in aggregate to stand committed to a state correctional institution for a minimum period of [40 years] to a maximum period of [80 years], followed by a mandatory period of consecutive probation of six . . . years. [Champlin] was given credit for time served of four hundred fifty . . . days.

Trial Court Opinion, 8/28/24, at 1-4 (unnecessary capitalization and some citations omitted).

Champlin filed a timely notice of appeal. Both Champlin and the trial court complied with Pa.R.A.P. 1925.

On appeal, Champlin raises the following issue for our review: "Did the trial court abuse its discretion in denying [Champlin's] motion for mistrial?" Champlin's Brief at 4. Champlin asserts that the trial court erred in denying his motion for a mistrial. *See* Champlin's Brief at 10. Champlin contends that the trial court's ruling prejudiced him and denied him a fair and impartial jury because the jury raised a question during its deliberations about whether there was previously a hung jury in his case. ***See id***. Champlin argues that:

he took two opportunities to *voir dire* the jurors, once at jury selection on February 13, 2024[,] and again prior to trial commencing on April 1, 2024[, about a February 8, 2024 news article describing a hung jury and other cases against him. However, n]o jurors disclosed that they had any knowledge of [him] or had read anything in any news publications. [But, t]his clearly [was] not the case.

***Id***.

- 4 -

Preliminarily, before we reach the merits of Champlin's issue raised on appeal, we determine whether he properly preserved the issue for our review. Both the trial court and the Commonwealth suggest that Champlin has waived his instant issue because he did not properly preserve it by requesting a mistrial at the time he alleges the prejudicial event occurred during jury deliberations. ***See*** Trial Court Opinion, 8/28/24, at 6-7; ***see also*** Commonwealth's Brief at 3-6. We agree.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Berrios***, 297 A.3d 798, 805 (Pa. Super. 2023). Pennsylvania Rule of Criminal Procedure 605(B) provides as follows: "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; ***the motion shall be made when the event is disclosed***. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(B) (emphasis added); ***see also Commonwealth. v. Randolph***, 421 A.2d 469, 470–71 (Pa. Super. 1980) (finding mistrial claim precluded where defense counsel waited until Commonwealth had concluded its case to move for mistrial); ***Commonwealth v. Cornelius***, 180 A.3d 1256, 1261–62 (Pa. Super. 2018) (finding claim challenging denial of motion for mistrial waived where defense counsel failed to object at time of alleged prejudice).

Upon our review of the record, we conclude that Champlin's claim is waived. Champlin failed to make a motion for mistrial *at the time* he alleged *the prejudicial event occurred*, when the jury raised the question during jury deliberations about whether there was a prior hung jury. **See** Pa.R.Crim.P. 605(B) (explaining that, in order to be timely, a motion for mistrial "shall be made when the [allegedly prejudicial] even is disclosed"); *see also Randolph*, 421 A.2d at 470–71; *Cornelius*, 180 A.3d at 1261–62. Instead, Champlin waited until eleven days — after the conclusion of his trial, the entry of the verdicts, and the dismissal of the jury — to seek a mistrial. This request was untimely and made far beyond the timeframe in which the trial court could have acted on it. As such, it is waived. Thus, we affirm Champlin's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/18/2025