J-S45040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                                      :

           v.                          :
                                        :

MALCOLM WILLIAM             :
                                        :

         Appellant          :   No. 586 EDA 2022

Appeal from the Order Entered February 22, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0000733-2016

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:             **FILED MARCH 7, 2023**

Malcolm William (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The PCRA court summarized the procedural history as follows:

> On January 6, 2016, police arrested and charged [Appellant]… with numerous offenses stemming from a shooting incident that occurred on December 30, 2015. On December 1, 2016, a jury found [Appellant] guilty of Third-Degree Murder (F1), [persons not to possess firearms] (F2), and [possession of an instrument of crime] (M1). On May 23, 2017, the court sentenced [Appellant] to an aggregate sentence of 24-50 years of incarceration. [Appellant] filed a timely notice of appeal on July 8, 2017. On May 9, 2019, the Superior Court affirmed the court's judgment of sentence. [***Commonwealth v. William***, 217 A.3d 383 (Pa. Super. 2019) (unpublished memorandum).] On June 7, 2019, a Petition for Allowance of Appeal was filed at the Supreme Court and ultimately denied on October 29, 2019. [***Commonwealth v. William***, 218 A.3d 1203 (Pa. 2019).] On November 20, 2020, [Appellant] filed a PCRA Petition. On January 18, 2021, there was a Motion for Leave to Amend the pending

PCRA petition which was granted and counsel filed an Amended PCRA on August 10, 2021. On January 25, 2022, after considering all filings, the court filed a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 formally dismissing [Appellant's] PCRA petition, without a hearing. On February 22, 2022, the court filed an order dismissing the PCRA Petition. [Appellant] filed a timely notice of appeal on February 25, 2022. On March 1, 2022, the court ordered [Appellant], pursuant to Pa. R.A.P. 1925(b), to file with the court a Concise Statement of Matters Complained of on Appeal. On March 12, 2022, [Appellant] filed a Statement of Errors Complained of on Appeal pursuant to the court's order.

PCRA Court Opinion, 6/7/22, at 1-2 (footnote omitted).

Appellant presents two questions for our review:

1. Did the PCRA court err in dismissing Appellant's PCRA Petition without a hearing because trial counsel was ineffective for failing to present a self-defense defense?

2. Did the PCRA court err in dismissing Appellant's PCRA Petition without a hearing because prior counsel w[as] ineffective for failing to argue and preserve the issue associated with a mistrial because of a biased juror and [] counsel was ineffective [f]or not arguing that excusing the juror also would have been an appropriate remedy?

Appellant's Brief at 4.

We review the dismissal of a PCRA petition to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citation omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [***See*** Pa.R.Crim.P.

909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

With respect to Appellant's claim of ineffective assistance of counsel:

It is well-established that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987). If a petitioner fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails. *Commonwealth v. Brown*, 196 A.3d 130, 150–51 (Pa. 2018).

*Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022).

In his first issue, Appellant argues trial counsel was ineffective "because trial counsel did not present a self-defense theory of the case and request and argue for a self-defense charge." Appellant's Brief at 9. Appellant references his trial testimony that "four people … were attacking" him during an "escalating violent situation," and "the gun went off during a struggle." *Id.* at 11. Appellant claims he "acted in self-defense and trial counsel should have held the Commonwealth to its burden by arguing self-defense and requesting an appropriate jury charge." *Id.* at 12. Appellant thus concludes he "suffered prejudice and did not receive a fair trial." *Id.*

Conversely, the Commonwealth argues:

[Appellant] has not met his burden to establish ineffective assistance of trial counsel. [Appellant's] bald assertions that counsel lacked a reasonable basis for not raising self-defense are insufficient and contradicted by the record. Counsel's strategic reason for not pursuing self-defense is clear, since it would have conflicted with [Appellant's] testimony that the gun went off during an unintentional accident. [Appellant] similarly cannot meet his burden to establish prejudice in light of the three eyewitnesses who testified that he was the aggressor who started a fight before shooting the victim. It is unlikely that an unsupported and contradictory self-defense claim would have resulted in a different outcome at trial.

Commonwealth Brief at 5. We agree with the Commonwealth.

"Pursuant to Section 505 of the Crimes Code, self-defense is established and the use of force is justifiable 'when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.'" *Commonwealth v. Busanet*, 54 A.3d 35, 51 (Pa. 2012) (citation omitted). The use of deadly force "is not justifiable if the actor provoked the use of force against him or could have avoided the necessity of using force by retreating." *Id.* (citation omitted). Before self-defense may be invoked, there must be evidence presented to justify a finding of self-defense. *Commonwealth v. Webster*, 416 A.2d 491, 492 (Pa. 1980).

Here, Appellant's trial testimony did not support a claim of self-defense. The PCRA court explained:

There was certainly a reasonable basis for trial counsel declining to [request a jury charge on self-defense], given that such an instruction would have been in direct conflict with [Appellant's] testimony that it was not him who shot the firearm, but the victim who shot himself by accident while the two of them were engaged

- 4 -

in a struggle. (N.T. 11/30/16, 81, 93). As this court explained, "[Appellant]'s argument to the jury is not that he did it but it's excusable, it's he never did it. It was ... an unfortunate accident that happened as a result of [the victim]'s actions." (**Id.** at 135-136). Therefore, like [the defendant in **Commonwealth v.**] **Webster**, [416 A.2d 491 (Pa. 1980), Appellant]'s "testimony only showed, at best, that the killing was unintentional," and [Appellant]'s trial counsel clearly "realized that an assertion of self-defense was in no way compatible with the testimony of his client, and it would have been an empty gesture to object to the court's charge."

PCRA Court Opinion, 6/7/22, at 8.

Thus, the PCRA court concluded:

Any argument by trial counsel that [Appellant] acted in self-defense would [have] serve[d] as an admission to the jury that he doubted his client's testimony, which is more likely to rise to the level of ineffective assistance of counsel. Accordingly, trial counsel's chosen strategy was reasonable. In choosing to present a consistent defense to the jury that stood behind [Appellant's] version — *i.e.*, that he was not the person who shot the firearm — counsel was well within the prevailing norms of what constitutes effective assistance of trial counsel. (N.T. 11/30/16, 155). The court also recognized the potential consequence of not pursuing such a tactic. (**Id.** at 143-145). Counsel reasonably decided to present a consistent defense to the jury that stood behind [Appellant]'s story that he was not the person who fired the weapon. (**Id.** at 155-164).

As noted above, because [Appellant] negated the deadly force element of self-defense when he testified that he did not pull the trigger, trial counsel's decision to forego a strategy that would conflict with his own client's testimony was reasonable. Therefore, [Appellant] did not meet his burden of showing trial counsel was ineffective under the second prong of the **Pierce** test [(requiring petitioner to show that counsel had no reasonable basis for his action or inaction)].

**Id.** at 9.

As the record and law support the PCRA court's analysis, Appellant's first issue does not merit relief.

In his second issue, Appellant argues that prior counsel were ineffective "for failing to argue and preserve the issue associated with a mistrial because of a biased juror…." Appellant's Brief at 8. Appellant claims he suffered prejudice because "[t]rial counsel was ineffective for failing to properly argue for a mistrial and direct appeal counsel was ineffective for not arguing the issue on direct appeal." *Id.* at 12.

The record demonstrates that during trial, Juror #6 expressed her concern to court staff that the trial court was in some way biased toward the Commonwealth; Juror #6 also expressed her lack of "confidence in trial counsel's capabilities." *See* PCRA Court Opinion, 6/7/22, at 11. Consequently, the trial court met with Juror #6, and "ultimately dismissed" her from the panel "at the request of [Appellant]." *Id.* at 12; *see also* Commonwealth Brief at 5 (stating Appellant's "argument that counsel should have argued to have the juror removed is meritless and moot because the court did remove the juror and replaced her with an alternate.").

Appellant's argument contains inaccuracies. He claims:

> Juror #6 stated [s]he thought that the trial judge was biased against defense counsel and the remainder of the jury was questioned as to taint **but this juror was not removed**. NT, 11/29/2016, at 208-244. **While the ADA said that the juror was generally prejudiced**, no one else faced decades in prison other than Appellant. NT, 11/29/2016, at 210. Also, the [trial c]ourt limited examination of the prejudiced juror. NT, 11/29/2016, at 213.

> There was no formal Motion for a Mistrial. NT, 11/29/2016, at 215. The issue was not litigated on direct appeal. ***Commonwealth v. William***, 2204 EDA 2017 (Sup. Ct., filed May 9, 2019).
>
> ***
>
> **The trial ADA properly labeled Juror #6 an "obstructionist."** NT, 11/29/2016, at 218-220. **Trial counsel never properly moved for a mistrial**. NT, 11/29/2016, at 214. The issue was abandoned on direct appeal. ***Commonwealth v. William***, 2204 EDA 2017 (Sup. Ct. filed May 9, 2019).

Appellant's Brief at 15-16 (inaccurate statements in bold).

The PCRA court and Commonwealth correctly refute Appellant's characterization of what transpired with Juror #6. For example, the assistant district attorney (ADA) did not refer to Juror #6 as an obstructionist. ***See id.*** ("The trial ADA properly labeled Juror #6 an 'obstructionist.'"). **The ADA referred to Appellant as an obstructionist**. In discussing Juror #6 with the trial court and Appellant's counsel, the ADA opined: "**He** just wants to be an obstructionist …. If he thinks the juror is unfair to him and he wants a mistrial, then fine. … But he can't then say he wants to keep her." N.T., 11/29/16, at 218 (emphasis added).

The Commonwealth correctly observes that Appellant "appears to be under the incorrect belief that the juror was not removed from the case." Commonwealth Brief at 11. The Commonwealth confirms the trial court removed Juror #6 and replaced her with alternate Juror #13. ***Id.*** at 11-12 (citing N.T., 11/29/16, at 242). The Commonwealth states that Appellant's "counsel moved for a mistrial, and [direct appeal] counsel had no basis to

raise the issue on appeal because the motion was properly denied." ***Id.*** at 10 (citing N.T., 11/29/16, at 214-17, 222, 224); ***id.*** (Commonwealth claiming, "No mistrial was warranted because the court removed and replaced the juror and determined that no taint had occurred after interviewing every remaining juror.").

Likewise, the PCRA court explained:

> At [Appellant's] trial, Juror No. 6 expressed concern that the court was in some way biased towards the Commonwealth, and that the juror lacked confidence in trial counsel's capabilities. Juror No. 6 assured the court that [she] did not share [this] concern with the other jur[y] members. (N.T. 11/29/16, 209-213). [Appellant] himself agreed during the trial that the court had not exhibited any bias towards the Commonwealth. (***Id.*** at 220-223). Nonetheless, [Appellant] requested a mistrial because he felt that Juror No. 6 had "tainted" the remaining jurors. (***Id.*** at 221-224). … [T]he court did a thorough investigation. Despite Juror No. 6 assuring the court [she] had not shared [her] beliefs with any of the other jurors, the court individually polled each juror out of an abundance of caution. (***Id.*** at 229-243).
>
> Each juror was asked whether any beliefs or comments were shared with them by Juror No. 6 regarding anything going on in the courtroom with any of the lawyers, staff, witnesses, or the Judge herself. ***Id.*** Each juror's response was no. ***Id.*** **Juror No. 6 was ultimately dismissed from the panel at the request of [Appellant], and Juror No. 13 was placed as the alternate**. (***Id.*** at 242-244).
>
> … As indicated [], "trial counsel cannot be found ineffective for failing to pursue a trial strategy that is in direct conflict with his client's sworn testimony." [***Commonwealth v.***] ***Laird***, 726 A.2d 346, [] 354 [(Pa. 1999).] Moreover, when the court questioned the jurors about their conversations with Juror No. 6, they "looked like they knew nothing of what [the court] spoke about." (N.T., 11/29/16, 244).

PCRA Court Opinion, 6/7/22, at 11-12 (footnotes omitted, emphasis added).

Upon review, we agree there is no support for Appellant's issue. The record confirms Juror #6 communicated concerns to court staff during trial. The trial court then met with Juror #6 in the "robing room"; Appellant's counsel and the ADA were present. The following discussion occurred:

THE COURT:     Hi, so you're Juror No. 6.

JUROR NO. 6:    I am.

THE COURT:     It's for the record, I know who you are.

My staff brought to my attention the fact that you felt it was important that you call to the attention of the [c]ourt that you felt that things were not fair and that I was being biased in the courtroom.

Is that an accurate recitation of your concern?

JUROR NO. 6:    I said that -- sort of, yes. I said that the non-verbal communication that exists between you and your staff here in the court and also with the prosecutor because there seems – I'm assuming you guys work together often. That in combination with the apparent –

THE COURT:     You said ignorance.

JUROR NO. 6:    Of the Defense attorney, it does come across as showing some type of bias in a non-verbal way.

THE COURT:     Okay.

JUROR NO. 6:    And I didn't know if that was something that I see—

THE COURT:     I haven't been aware of it at all. My staff and I work together all the time … we work together every day so these are folks I'm very close with. So we talk about things all day long obviously

that have nothing to do with this case. And I felt like my head has been down the entire trial. I don't know what exactly I've done and counsel, they don't even know of anything I've done.

Have you discussed this with other jurors?

JUROR NO. 6:       I have not.

THE COURT:       Okay. Is there anything else?

[ADA]:       No.

[APPELLANT'S COUNSEL]:       I don't have any questions.

N.T., 11/29/16, at 208-09.

The trial court conferred with counsel, and Appellant's counsel conferred with Appellant. Appellant's counsel advised that Appellant "either wants to keep [Juror #6] or a mistrial." *Id.* at 214-15. The following exchange occurred between the ADA and the trial court:

[ADA]:       I think there's no way to go on with [Juror #6]. I don't see how she makes the determination [regarding Appellant's guilt or innocence] on the evidence because she doesn't think the evidence is being elicited properly.

THE COURT:       The thing I'm worried about and I'm going to tell you is she's formed such a strong opinion … so strong that she felt the need to reach out to the staff and say what her opinions are. And ultimately this is what I can do. I mean, you know, I would prefer to keep her in some ways and then it's not an issue to worry about. I would only keep her if I talked to her and asked her what effect is this going to have on your ability to be a fair juror? Like, are you going to hold it against the Defense, are you going to hold it against the Commonwealth that you think, you know -- I mean, I can ask her more details about how she thinks I'm being biased. I can ask details about how she thinks [defense counsel is] being ignorant.

*Id.* at 215-16.

- 10 -

Appellant's counsel then advised that Appellant wanted a mistrial, and the trial court responded, "I will deny it on the record." *Id.* at 217 (Appellant's counsel stating the request was "so I'm protected.").[1]

For the above reasons, we reject Appellant's second issue claiming trial counsel's ineffectiveness for failing to argue for a mistrial, and appeal counsel's ineffectiveness for not raising the issue on appeal. *See, e.g., Commonwealth v. Rivera*, 199 A.3d 365, 374 (Pa. 2018) (stating counsel cannot be ineffective for failing to raise a meritless claim).

In conclusion, the PCRA court did not abuse its discretion because its findings of fact are supported by the record, and its legal conclusions are free of error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023

---

[1] Appellant's counsel also stated, "I can tell you this[,] no matter [what] happened here he's going to file a PCRA." *Id.* at 219.

- 11 -